The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Kenneth SORENSON, Defendant–Appellee.

No. 90CA1829.

Colorado Court of Appeals, Div. IV.

July 5, 1991.

Rehearing Denied Sept. 12, 1991.

Certiorari Denied Feb. 18, 1992.

Norman S. Early, Jr., Dist. Atty., Martin F. Egelhoff, Deputy Dist. Atty., Denver, for plaintiff-appellant.

Haddon, Morgan & Foreman, P.C., Maureen A. Cain, Denver, for defendant-appellee.

Opinion by Judge REED.

The People appeal the trial court's order resentencing defendant, Kenneth Sorensen, and ordering his release from the Department of Corrections on May 8, 1991. We reverse and remand with instructions.

Defendant pled guilty to three counts of sexual assault committed in 1980, and on May 8, 1981, he was sentenced to consecutive 10 and 12–year terms and a concurrent 12–year term on the remaining charge. Defendant timely filed a motion to reconsider the sentence. Following a hearing, the motion was denied in 1983.

On April 6, 1990, defendant appeared before the Parole Board and was advised that, under the Board's policy concerning sex offenders, he was not entitled to mandatory parole and he would be reviewed for parole again in April of 1991. This action represented a change in the policy of the Board. Previously, defendant had been assigned a mandatory parole date.

As a result of this Board action, defendant filed motions for post-conviction relief in the trial court in May of 1990, alleging, *inter alia,* that the Parole Board could not deny him mandatory parole. Prior to hearing on his motions, however, the opinion in *Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990) was announced, and those portions of his motions were withdrawn.

Nevertheless, the trial court conducted a hearing on defendant's motions and held that the change in the policies of the Parole Board frustrated its intended sentence as the sentencing court; that it had anticipated, at sentencing, that defendant would be paroled after serving approximately one-half of the term of incarceration imposed by it under the then prevailing Board practice of granting mandatory parole.

The trial court, therefore, resentenced defendant to three concurrent 10–year terms and, because of time already served, it ordered defendant's release on May 8, 1991. The trial court relied on Crim.P. 35(c)(2)(V) and Crim.P. 35(b) as authority for its ruling.

I.

The People contend that Crim.P. 35(c)(2)(V) does not authorize the modification of defendant's sentence. We agree.

Crim.P. 35(c)(2)(V) provides that post-conviction relief is available to one convicted of a crime under the following circumstances:

"That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or

his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice."

In granting relief, the trial court concluded that the change in policy of the Parole Board, later approved in *Thiret*, represented newly discovered material facts requiring vacation of defendant's sentence in the interest of justice. The court sought to insure its original intended sentence by vacating the original sentence and resentencing defendant to a lesser term.

Thus, the issue presented is whether a change in the time in which the sentencing court anticipates a defendant will actually serve, because of a policy change by the Parole Board, constitutes evidence of material facts justifying relief under Crim.P. 35(c)(2)(V). We conclude that it does not.

Under similar circumstances, the United States Supreme Court, in *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), has held that a sentencing judge has no enforceable expectations with respect to the actual release date of a sentenced defendant short of his statutory term and that a judge's incorrect assumptions about the future course of parole proceedings do not constitute grounds for a collateral attack upon an otherwise lawful sentence. We agree with this rationale and find it also applicable here.

We recognize that *Addonizio* was determined in the context of a federal proceeding brought under 28 U.S.C. § 2255 (1988) (relating to relief by way of collateral attack) and that Crim.P. 35(c)(2)(V) expressly allows relief if there is evidence of material facts which, by reasonable diligence could not have been known "prior to the submission of the issues to the court or jury...." But, we do not find the criteria for relief under Crim.P. 35(c)(2)(V) to be present here.

Here, the Board policy related to the parole of sex offenders, such as the defendant. At the time of his sentencing, the policy of the Board was that parole was mandatory once the prisoner reached parole date (determined by deducting earned credits from his sentence). However, based upon a later interpretation of the statute now codified as § 17-2-201(5)(a), C.R.S. (1986 Repl.Vol. 8A), the policy of the Board changed to vest discretion in the Board as to whether parole would be granted at that time. This later interpretation of the statute was approved in *Thiret v. Kautzky, supra.*

Even if we assume that this change in Board policy constituted "material facts" within the purview of Crim.P. 35(c)(2)(V), as held by the trial court, nevertheless, our supreme court, in *Aue v. Diesslin*, 798 P.2d 436 (Colo.1990), has held further that the parole board's later interpretation of the statute was based upon the plain language of the statute and was foreseeable. Thus, by reasonable diligence, the claimed "material facts" could have been known at the time of sentencing and, contrary to the ruling of the trial court, constitute no grounds for relief under Crim.P. 35(c)(2)(V).

## II.

We also conclude that Crim.P. 35(b) does not offer the trial court an alternative basis for its ruling.

Crim.P. 35(b) provides that a court may reduce a sentence if the motion is filed within 120 days after the sentence is imposed. Further, the trial court's jurisdiction is lost if the motion is not filed within 120 days of the sentence. *See People v. Fuqua*, 764 P.2d 56 (Colo.1988).

Here, defendant's motion was filed in May of 1990, well beyond the 120-day time period which expired in 1981. Thus, the trial court was without jurisdiction to reconsider defendant's sentence under this section of the rule.

The trial court's order is reversed, and the cause is remanded with instructions to reinstate the original sentence.

HUME and ROTHENBERG, JJ., concur.