997 P.2d 637

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dell Leroy BOWMAN, Defendant–Appellant.**

No. 24949.

Court of Appeals of Idaho.

March 2, 2000.

Review Denied April 26, 2000.

Alan E. Trimming, Ada County Public Defender; Paul R. Taber III, Deputy Public Defender, Boise, for appellant. Paul R. Taber III argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHWARTZMAN, Judge.

Dell Leroy Bowman appeals from the denial of his motion to suppress evidence following a search of his jacket subsequent to his arrest on an outstanding misdemeanor warrant. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 1998, at about 4:30 in the morning, Garden City Police Officer Kevin Wittmuss observed two men walking along the road in the 4300 block of Adams Street. Believing one of the men to be Rocky Statton, a person for whom there was a current outstanding arrest warrant, Wittmuss turned his patrol car around and pulled up behind the men. Wittmuss parked the patrol car without activating the emergency lights. The men agreed to talk with him and said that they were going home. The man Wittmuss believed to be Statton, dressed in a black leather jacket, T-shirt and jeans, ver-

bally identified himself as Bowman. The other man was identified as Ron Haskell.

As Bowman and Haskell stood in front of the patrol car, Wittmuss ran a warrants check. Ada County dispatch confirmed the existence of an outstanding misdemeanor warrant for Bowman. During this time a woman, identified only as Haskell's girlfriend, came out of an adjacent mobile home and approached Bowman. After Wittmuss learned of the existence of the warrant, but prior to informing Bowman that he was under arrest, Wittmuss observed Bowman take off his leather jacket and give it to the woman.

Wittmuss got out of his patrol car and told Bowman he was under arrest. The woman with Bowman's jacket was standing about fifteen feet away from Wittmuss, Bowman and Haskell. Wittmuss told the woman that "she was not allowed to take the jacket," that he "would need to search the jacket incident to [Bowman's] arrest." The woman handed the jacket to Wittmuss. Bowman was handcuffed and asked "if there was anything in the jacket that [Wittmuss] should know about."[1] Bowman responded that there was a pipe and some marijuana. A search of the jacket revealed a pipe, marijuana and methamphetamine. Bowman was then taken to the Ada County Jail.

Bowman was charged with felony possession of a controlled substance, methamphetamine, I.C. § 37–2732(c); misdemeanor possession of a controlled substance, marijuana, I.C. § 37–2732(c); possession of drug paraphernalia, I.C. § 37–2734A; and being under the influence on a public roadway, I.C. § 37–2732C. Bowman filed a motion to suppress the evidence obtained from Wittmuss's search of the jacket.

At the hearing on the motion to suppress, Wittmuss testified to the facts set forth above. Bowman argued that because he had given his jacket to Haskell's girlfriend just prior to his arrest, it was no longer a part of his person subject to a search incident to arrest. The state argued that Bowman relinquished any reasonable expectation of priva-

cy in the jacket when he handed it to Haskell's girlfriend, and thus could not object to the search of the jacket. Counsel for Bowman argued that when Wittmuss placed the jacket in the patrol car with the handcuffed Bowman, he regained a reasonable expectation of privacy in the jacket. After briefing, the district court made the following oral findings of fact:

> After [Officer Wittmuss was] advised of the existence of the warrant, but prior to the defendant being informed of the impending arrest, the defendant gave his jacket to a woman who was not identified by name. She was about fifteen feet away from the defendant at the time of the defendant's arrest.

> Following the arrest, Officer Wittmuss told the woman that he would need to search the jacket. [The woman handed the jacket to Wittmuss.]

> Officer Wittmuss then searched the jacket, finding the marijuana, paraphernalia and ... the methamphetamine that gives rise to the instant action.

> Those are the basic factual circumstances.

The district court concluded that the jacket was not searched incident to Bowman's arrest because it was obtained from a third person fifteen feet away from Bowman at the time of his arrest. However, the court upheld the search, concluding that Bowman had no reasonable expectation of privacy in the jacket after he gave it to the woman bystander.

Bowman pled guilty to possession of methamphetamine and paraphernalia, preserving his right to appeal the denial of his motion to suppress. The remaining charges were dismissed. On the possession of methamphetamine charge, Bowman was sentenced to a term of five years with one year fixed, suspended with five years probation. Bowman appeals the denial of his motion to suppress the evidence seized from his jacket.

---

1. The issue of whether Wittmuss's post-arrest pre-*Miranda* question about the jacket's contents violated Bowman's Fifth Amendment privilege against self-incrimination has not been raised on appeal.

## II.

### STANDARD OF REVIEW

 In reviewing a trial court's ruling on a motion to suppress, we employ a bifurcated standard. *State v. Abeyta*, 131 Idaho 704, 708, 963 P.2d 387, 391 (Ct.App.1998). We accept the trial court's findings of fact that are supported by substantial evidence and freely review the application of constitutional principles to the facts as found. *Id.* The determination of whether a search is reasonable under the Fourth Amendment is a question of law over which we exercise free review. *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct.App.1993). The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search. *State v. Murphy*, 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct.App.1997); *State v. Shepherd*, 118 Idaho 121, 124, 795 P.2d 15, 18 (Ct.App.1990.) Accordingly, we will assess the validity of the search under the "search incident" exception to the warrant requirement. *Id.*

## III.

### ANALYSIS

Throughout the proceedings in the trial court and on appeal, the state has urged consideration of the alternative theory – search incident to arrest – that was rejected by the district court. Because Bowman's immediate arrest on the outstanding warrant and his hasty attempt to disassociate himself with the jacket are so tightly intertwined, we address the state's alternative theory as a ground for upholding the district court's denial of Bowman's motion to suppress.

 A search incident to an arrest is a well-established exception to the warrant requirement, permitting police to search an arrestee following a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *McIntee*, 124 Idaho at 804, 864 P.2d at 642. Two exigencies underlie the justification for this exception: the necessity to (1) protect the officer and other persons in the vicinity from any dangerous objects or weapons in the possession of the person arrested; and (2) prevent the concealment or destruction of evidence within the reach of the arrestee. *Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040, 23 L.Ed.2d at 694. In *Robinson*, the United States Supreme Court explained:

> A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

414 U.S. at 235, 94 S.Ct. at 477, 38 L.Ed.2d at 441. The purpose of a search incident to an arrest is not limited to the removal of weapons, but includes the discovery and seizures of evidence of crime and articles of value which, if left in the arrestee's possession, might be used to facilitate his escape. *Id.* A search incident to arrest may extend only to "the arrestee's person and the area 'within his immediate control,' – construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *State v. Foster*, 127 Idaho 723, 728, 905 P.2d 1032, 1037 (Ct. App.1995) (*quoting Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040, 23 L.Ed.2d at 694).

The scope of the area of "immediate control" under *Chimel* is a radius that is determined by the court objectively on the facts of each case. *See Scott v. United States*, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 178 (1978). In determining what is reasonably within the arrestee's area of "immediate control," courts have relied on the following factors: (1) the distance between the arrestee and the place searched; (2) whether the arrestee was handcuffed or otherwise restrained; (3) whether police were positioned so as to block the arrestee from the area searched; (4) the ease of access to the area itself; and (5) the number of officers

present as compared to the number of companions of the arrestee. 3 Wayne R. La-Fave, Search & Seizure § 6.3(c), at 306–07 (3d ed.1996).

 In the present case, Officer Wittmuss was alone, facing three persons, one of whom was a woman who rather suddenly arrived on the scene from a nearby trailer house. He observed Bowman hastily remove his jacket and hand it to the woman, leaving him to stand in the cold morning air in a T-shirt at 4:30 a.m. on January 8. This jacket hand-off occurred while Bowman was standing directly in front of the police car, immediately after dispatch had advised Wittmuss of the outstanding arrest warrant but just before Wittmuss could actually arrest Bowman on the warrant. Officer Wittmuss could reasonably construe these circumstances as indicating that Bowman was attempting to disassociate himself with the jacket because it contained something Bowman did not want the officer to see – a weapon or contraband. While Bowman was in the process of being handcuffed, the woman, who had stepped back from Bowman, was in possession of the jacket. The distance from Bowman to the jacket was only fifteen feet – a distance that the woman, Bowman or both might have easily covered. Had there been a weapon in the coat, the woman, Bowman, Haskell and the officer were all within the zone of activity in which it could have been used by the woman or made available to the defendant.

The potential for risk of harm to the officer on these facts was high. To allow a defendant to hand over an article of clothing just before his arrest and thereby avoid the search of said item would seriously undercut the purposes and policy behind the search incident to that arrest – ensuring the safety of officers and bystanders through the recovery of weapons within the defendant's area of immediate control and preventing the loss or destruction of evidence of criminal activity. *See State v. Heinen*, 114 Idaho 656, 759 P.2d 947 (Ct.App.1988). Faced with the possibility that the jacket might contain a weapon or evidence of a crime which could be lost or

destroyed, we conclude that Wittmuss acted reasonably in requesting the jacket in order to search it incident to Bowman's arrest. We hold that such search did not violate Bowman's constitutional rights.[2]

### IV.

### CONCLUSION

The district court's denial of Bowman's motion to suppress is affirmed as a valid search incident to his arrest.

Chief Judge PERRY, and Judge Pro Tem SWANSTROM, concur.

2. Because we hold that the officer's search of Bowman's jacket was authorized as a search incident to his arrest, we need not decide wheth-

er the search was also proper under the "no reasonable expectation of privacy" exception.