**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40015**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 427** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: March 29, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSEPH L. MADRID,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to suppress evidence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Joseph L. Madrid appeals from the judgment entered upon his conditional guilty plea to possession of a controlled substance following the denial of his motion to suppress evidence. For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

At approximately 3 a.m. on April 4, 2011, a convenience store clerk called the police to report a suspicious person who had repeatedly entered and exited the store's public restroom over the course of an hour. Two officers arrived to find Madrid exiting the restroom. The officers immediately observed a pill bottle with a torn label protruding from Madrid's pocket. Plastic baggies were visible inside the bottle. One of the officers asked Madrid to step outside the store. After conducting a pat-down for weapons, the officers asked Madrid to sit on the curb and began to question him about the pill bottle. Madrid responded that he had been prescribed

1

multiple medications, all of which he kept in a single bottle. When the officers continued to question him about the bottle's torn label, Madrid invited the officers to take the bottle. One of the officers removed the bottle from Madrid's pocket, opened it, and detected the scent of marijuana. The officer discovered a baggie containing a green leafy substance, a baggie containing another substance, and three pills inside the bottle. Madrid told the officers that another person had given him the baggies and that he believed they contained "spice," not marijuana. He was arrested for possession of marijuana and searched incident to his arrest, yielding the discovery of a syringe in his coat pocket.

Madrid was subsequently charged with one felony count of possession of morphine, two misdemeanor counts for possession of marijuana and diazepam, and one misdemeanor count of possession of drug paraphernalia. Madrid moved to suppress any evidence, statements, or admissions made or discovered after he was asked to sit on the curb. His motion was premised on an assertion that the police interrogation violated his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966). The district court denied the motion. Pursuant to a plea agreement, Madrid pleaded guilty to felony possession of morphine, reserving the right to appeal the denial of his suppression motion, and the remaining counts and a persistent violator enhancement were dismissed. This appeal followed.

## II.

## ANALYSIS

Madrid asserts that the district court should have suppressed the statements he made to the officers while sitting on the curb because those statements were made without the benefit of *Miranda* warnings. On review of a decision granting or denying a suppression motion, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Loman*, 153 Idaho 573, 574-75, 287 P.3d 210, 211-12 (Ct. App. 2012); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

The *Miranda* safeguards[1] apply when a subject is in "custody," *Miranda*, 384 U.S. at 444, or when the subject's freedom of action is curtailed to a degree associated with formal arrest. *Stansbury v. California*, 511 U.S. 318, 322 (1994); *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984). A court considering whether an individual was in custody must consider the totality of the circumstances surrounding the interrogation. *Stansbury*, 511 U.S. at 322; *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010). The test is an objective one and "the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer*, 468 U.S. at 442. Factors to be considered by the court include the time and location of the interrogation, the conduct of the officer or officers, the nature and manner of the questioning, and the presence of other persons. *State v. Hurst*, 151 Idaho 430, 436, 258 P.3d 950, 956 (Ct. App. 2011). The burden of showing custody rests on the defendant seeking to exclude evidence. *State v. Munoz*, 149 Idaho 121, 129, 233 P.3d 52, 60 (2010); *James*, 148 Idaho at 577, 225 P.3d at 1172.

It is undisputed that Madrid was subject to an investigative detention while the officers questioned him about the pill bottle, and thus was not free to leave during the questioning. However, "the freedom-of-movement test identifies only a necessary and not a sufficient condition for *Miranda* custody." *Maryland v. Shatzer*, 559 U.S. 98, ___, 130 S. Ct. 1213, 1224 (2010). It is well established that "the temporary and relatively nonthreatening detention involved in a traffic stop or *Terry* stop . . . does not constitute *Miranda* custody." *Id.* (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). *See also Berkemer*, 468 U.S. at 440; *James*, 148 Idaho at 577, 225 P.3d at 1172 (2010); *State v. Jones*, 115 Idaho 1029, 1033, 772 P.2d 236, 240 (Ct. App. 1989). Here, Madrid has not demonstrated anything beyond a routine stop-and-frisk.

Objective review of the circumstances in this case supports the district court's finding that Madrid did not establish that he was in custody prior to his formal arrest. Madrid was

---

[1]  In *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court held that, to protect the Fifth Amendment privilege against compulsory self-incrimination, police must inform individuals of their right to remain silent and their right to counsel, either retained or appointed, before police undertake a custodial interrogation. These warnings were deemed necessary as a prophylactic measure to secure Fifth Amendment rights because "without proper safeguards the process of in-custody interrogation of persons suspected or accused of crime contains inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely." *Id.* at 467.

questioned in a public area just outside a convenience store. The entire encounter between Madrid and the police was brief, lasting less than ten minutes between the time the officers observed Madrid exiting the restroom and Madrid's arrest. According to the officer's testimony, Madrid either voluntarily offered the pill bottle to the officers or consented to let them look at it. Nothing in the record suggests that the officers' questioning was aggressive or coercive. The officers did not draw their weapons or place Madrid in their patrol vehicle while they questioned him. Madrid was not handcuffed or otherwise physically restrained prior to his arrest.

Based on these circumstances, the district court did not err in holding that Madrid failed to show that he was in custody for *Miranda* purposes prior to his formal arrest. Accordingly, the district court's orders denying Madrid's suppression motion is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**