## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 42023/42028

| | | |
|---|---|---|
| HENRY ROY LOMAN, | ) | 2015 Unpublished Opinion No. 642 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of the district court summarily dismissing petitions for post-conviction relief, affirmed.

Henry Roy Loman, Twin Falls, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Henry Loman appeals from the district court's judgments summarily dismissing his petitions for post-conviction relief.[1] Specifically, Loman's petitions asserted a claim of ineffective assistance of counsel on the basis that his trial counsel did not call witnesses or properly cross-examine witnesses during the motion to suppress hearing. Loman further asserts that the trial court erred in denying his motion to suppress, and that this Court erred in its decision affirming the denial of the motion to suppress. For the reasons discussed below, we affirm the judgments summarily dismissing Loman's petitions for post-conviction relief.

_____

[1] Loman filed two separate petitions for post-conviction relief which asserted identical claims. The two cases were not consolidated at the district court, but were addressed at the same hearing. Loman appealed both cases (Supreme Court Docket Nos. 42023-2014 and 42028-2014) which were consolidated by Order of the Supreme Court under Supreme Court Docket No. 42023-2014.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are set forth in this Court's decision in Loman's direct appeal, *State v. Loman*, 153 Idaho 573, 287 P.3d 210 (Ct. App. 2012), but generally, the issue before the district court was Loman's motion to suppress methamphetamine and paraphernalia found inside Loman's coat which was located inside a vehicle he had been riding in at the time of the traffic stop. The district court denied the motion to suppress because the evidence would have been located during a search incident to arrest. Loman entered a conditional plea of guilty and was convicted of possession of methamphetamine. On direct appeal, this Court affirmed the denial of the motion to suppress on alternative grounds, having determined that the evidence was properly obtained during the search pursuant to the "automobile exception" to the warrant requirement.[2] *Loman*, 153 Idaho 573, 287 P.3d 210.

Loman's petitions for post-conviction relief allege that trial counsel was ineffective for failing to raise issues and failing to present evidence at the motion to suppress. Specifically, he argues that trial counsel did not properly cross-examine the State's witness, the officer conducting the traffic stop and search, and failed to call defense witnesses who would have testified that Loman was not engaged in drug activity on the night of the traffic stop. Finally, Loman alleged that this Court's decision on his direct appeal violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, because that decision is based on facts not in the record and because it does not apply the proper law for the issue presented in the motion to suppress.[3]

The State moved for summary dismissal of the petitions. The district court summarily dismissed Loman's petitions because Loman failed to establish a genuine issue of fact that counsel was ineffective, and failed to support his arguments with evidence that would suggest counsel was ineffective. The court also found that Loman failed to present evidence that would raise a genuine issue of fact that he was prejudiced by counsel's conduct at the motion to suppress hearing. Finally, the district court determined that Loman's claims as to the search

---

[2]    The Idaho Supreme Court denied Loman's petition for review.

[3]    Loman's supporting affidavit consists mostly of what appears to be the brief submitted on his petition for review in his direct appeal.

itself were addressed in his direct appeal and those arguments were not properly before the court in a post-conviction proceeding.

## II.

## ANALYSIS

On appeal, Loman alleges the same arguments raised in his petitions for post-conviction relief related to his ineffective assistance of counsel claims and constitutional violations claims on the part of this Court. The State argues that Loman has failed to allege that the district court erred in summarily dismissing the post-conviction petitions in his briefs on appeal.

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code (I.C.) § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d

3

898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

4

### A. Waiver of Issues on Appeal

On appeal, Loman has failed to identify how the district court erred in summarily dismissing his post-conviction petitions. Loman asserts the same arguments on appeal as were presented in the petitions and similar arguments were presented to this Court in his direct appeal.

Idaho Appellate Rule 35(a)(6) requires an appellant's brief to "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). This Court will not consider issues on appeal that are not argued or supported by citation of authority in an appellate brief. *Roeder v. State*, 144 Idaho 415, 418 n.1, 162 P.3d 794, 797 n.1 (Ct. App. 2007); *Whitehawk v. State*, 119 Idaho 168, 170, 804 P.2d 341, 343 (Ct. App. 1991). *See State v. Hoisington*, 104 Idaho 153, 159, 657 P.2d 17, 23 (1983); *State v. Carper*, 116 Idaho 77, 78, 773 P.2d 1164, 1165 (Ct. App. 1989); *Galindo v. Hibbard*, 106 Idaho 302, 304, 678 P.2d 94, 96 (Ct. App. 1984). Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.*

The issues before this Court are the district court's judgments summarily dismissing the petitions for post-conviction relief. Loman has not addressed this particular issue, rather, his focus on appeal is to ask this Court to re-examine the motion to suppress and this Court's decision on his direct appeal. In his briefs, Loman has failed to specifically argue the issues on appeal, and has failed to support those arguments with authority and citations to the record pursuant to the requirements of Idaho Appellate Rule 35(a)(6). We will not consider issues on appeal that are not raised or argued by the appellant, and those issues are waived on appeal. Because Loman has failed to adequately argue or support his claims, the orders of the district court summarily dismissing the petitions for post-conviction relief are affirmed. However, even if Loman has preserved the issue on appeal, his post-conviction claims fail on the merits for the reasons set forth below.

### B. Ineffective Assistance of Counsel

In his petitions for post-conviction relief, Loman argues that his trial counsel was ineffective for failing to properly cross-examine the State's witness, Officer Arredondo, at the motion to suppress hearing. He further claims that counsel failed to call witnesses that would

have supported his version of the events of the traffic stop. He argues that he was prejudiced by this conduct because without that testimony, the record was incomplete and caused both the district court and this Court to improperly determine that the methamphetamine evidence would not be suppressed.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In his petitions for post-conviction relief, Loman argued that trial counsel failed to cross-examine the State's witness and call witnesses to support his claim that there was no drug activity occurring prior to the traffic stop, and to further support his claim that the traffic stop was not supported by probable cause and the search was illegal. The district court determined that the petitions should be summarily dismissed because Loman did not support his petitions with evidence or specific information about who the proposed witnesses were or what the nature of the testimony would be. The district court dismissed this claim because it could not give evidentiary value to conclusory allegations unsupported by admissible evidence.

The district court did not err in dismissing Loman's post-conviction ineffective assistance of counsel claims. In the petitions, Loman did not specifically identify or describe the nature of the testimony that would have been elicited from the State's witnesses, or identify the potential

6

defense witnesses that would have supported his contentions. Loman did not provide evidence or argument that raised a genuine issue of material fact as to whether he was prejudiced by his counsel's failure to cross-examine the State's witness or to call defense witnesses. Loman did not meet his burden and the district court's determination that he failed to raise a genuine issue of material fact on the ineffective assistance of counsel claims was not error. We affirm the district court's decision summarily dismissing the ineffective assistance of counsel claims in Loman's post-conviction petitions.

## C.     Issues Raised on Direct Appeal

The final issue raised by Loman in his petitions and on appeal, is his claim that the motion to suppress decision was not properly considered by the district court and this Court in his direct appeal.

Idaho Code § 19-4901(b) provides that a post-conviction action is "not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction." I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009).

Here, Loman's arguments about the district court's decision denying the motion to suppress were raised in his direct appeal, and therefore, may not be considered in a post-conviction proceeding. The district court correctly determined that this issue was not properly raised in Loman's post-conviction petitions, and properly determined that the issue must be summarily dismissed on those grounds. We affirm the district court's judgment summarily dismissing Loman's post-conviction petitions on this issue.

## III.
## CONCLUSION

On appeal, Loman failed to properly raise the issue that the district court erred in summarily dismissing his post-conviction petitions, and we hold that he waived this argument on appeal. In the alternative, we hold that the district court did not err in summarily dismissing Loman's petitions for post-conviction relief because Loman failed to support his ineffective assistance of counsel claims with evidence sufficient to raise a genuine issue of material fact. Further, Loman's argument about the motion to suppress decision was decided on direct appeal

7

and is not to be considered in a post-conviction proceeding. The district court's judgments summarily dismissing Loman's post-conviction petitions are affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.