11 P.3d 40

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paul Albert HANKEY, Defendant–Appellant.**

No. 25948.

Supreme Court of Idaho, Coeur d'Alene, April 2000 Term.

Sept. 8, 2000.

Roger L. Williams, Sandpoint, for appellant.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Rebekah A. Cude, Deputy Attorney General, argued.

SCHROEDER, Justice.

Paul Albert Hankey (Hankey) appeals the judgment of conviction for a felony driving under the influence, Idaho Code §§ 18–8004 and 18–8005(7), arguing that the police obtained the evidence against him through an improper investigatory stop. The district court denied Hankey's motion to suppress the use of the evidence. Hankey entered a conditional plea of guilty, preserving the right to appeal the denial of the suppression motion. The Court of Appeals vacated the judgment of conviction, concluding that the State had not met its burden of establishing that the investigatory stop was based upon a reasonable articulable suspicion of criminal activity. This case is before the Court on the State's petition for review.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The background and prior proceedings were summarized in the Court of Appeals' decision:

Idaho State Police Patrolman Zimmerman was patrolling Highway 95 in Boundary County on a July evening. As he went by the highway's intersection with Camp Nine Road he observed a blue Mazda pickup on Camp Nine Road. There was a male driver and a child passenger in the pickup, which was slowly following a woman and a child who were walking along the roadside. Officer Zimmerman thought this was "odd" but did not stop to investigate. Very shortly after Zimmerman observed the pickup and the pedestrians, he received a message from the Boundary County Sheriff's dispatcher stating that there was "a domestic"[1] involving a blue Mazda pickup

---

1. "Domestic" refers to a report of a "domestic dispute" or "domestic violence."

at the intersection of Highway 95 and Camp Nine Road. In reaction to the dispatch, Officer Zimmerman reversed direction. When he saw the pickup, again it was parked on the side of the road with the woman who had previously been walking now in the driver's seat and the male who had previously been driving now in the passenger's seat. Zimmerman made a U-turn and, as he started to pull in behind the pickup, the pickup moved out onto the highway. Zimmerman then used his flashing lights to effectuate a stop of the pickup and made contact with its occupants. He noticed that the man, later identified as Hankey, had red eyes and a strong odor of alcohol on his breath. Hankey admitted he had been drinking and submitted to a breath alcohol test, which revealed an alcohol concentration of .16. Hankey was charged with felony DUI.

Hankey filed a motion to suppress evidence derived from the stop of his vehicle. At the hearing on this motion, the State called only one witness, Officer Zimmerman, who testified to the foregoing facts. With respect to the dispatch that prompted him to stop Hankey's vehicle, the only testimony was as follows:

A: Just—just about the time the Camp Nine Road got out of sight in my rearview mirror, I received a call from the county that there was a domestic involving—

[Objection made and was overruled.]

Q: What was that information?

A: The people involved in the domestic had a blue Mazda pickup and were at the intersection of 95 and Camp Nine Road.

No evidence was presented regarding the source of the dispatcher's information.

In denying Hankey's suppression motion, the district court held that the dispatch message, together with Officer Zimmerman's observations of the peculiar operation of the vehicle moments earlier, was sufficient to create a reasonable, articulable suspicion of criminal activity that justified the investigatory stop. On appeal, Hankey argues that because the State presented no evidence of the source

or content of the information that prompted the dispatch, it did not meet its burden of proving reasonable suspicion. *State v. Hankey*, 99.17 ICAR 700 (August 23, 1999).

The Court of Appeals concluded that the district court should have granted the motion to suppress the evidence. In a split decision, the Court of Appeals held:

> At the suppression hearing the State presented no proof of the factual basis of the dispatcher's report, which could demonstrate reasonable suspicion for Hankey's detention. Nor did the independent personal observations of the stopping officer supply the requisite justification for the stop. Accordingly, we reverse the district court's denial of Hankey's suppression motion. The judgment of conviction is vacated, and the case is remanded to the district court.

The State filed a timely petition for review, which was granted by this Court.

## II.

## THE OFFICER HAD A REASONABLE SUSPICION TO EFFECTUATE AN INVESTIGATORY STOP ON PAUL ALBERT HANKEY.

### A. Standard of Review

When reviewing a motion to suppress, this Court defers to the trial court's findings of fact unless the findings are clearly erroneous. *State v. Reese*, 132 Idaho 652, 653, 978 P.2d 212, 213 (1999) (citing *State v. Medley*, 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995)). But this Court may undertake a free review of the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *State v. Harvill*, 131 Idaho 720, 721, 963 P.2d 1157, 1158 (1998) (citing *State v. Weber*, 116 Idaho 449, 452, 776 P.2d 458, 461 (1989)). The facts of this case are undisputed. Therefore, this Court exercises free review of the legal effect of the facts.

## B. Discussion

■ The State argues that the officer had reasonable suspicion to stop the pickup based on his initial observations, together with the radio dispatch informing him that a "domestic" was in progress and his observations upon returning to the scene.

The Court explained the concept of an investigatory stop, also referred to as a *Terry* stop, in *State v. Manthei*, 130 Idaho 237, 239, 939 P.2d 556, 558 (1997)[2]:

> [N]ot all seizures of the person need be justified by probable cause to arrest for a crime; a police officer may, in appropriate circumstances and in an appropriate manner, detain a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry*, 392 U.S. at 22, 88 S.Ct. at 1880 [20 L.Ed.2d at 906]. Such a seizure is justified under the Fourth Amendment if there is an articulable suspicion that the person has committed or is about to commit a crime .... Whether an officer had the requisite reasonable suspicion to conduct an investigatory stop is determined on the basis of the totality of the circumstances.

130 Idaho at 239, 939 P.2d at 558.

■ To justify an investigatory stop there must be "some objective manifestation that the person stopped is, or is about to be engaged in criminal activity." *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621, 628 (1981); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. DuValt*, 131 Idaho 550, 552–53, 961 P.2d 641, 643–44 (1998). The officer's suspicion must be grounded on specific articulable facts and rational inferences that can be drawn therefrom. *Terry*, 392 U.S. at 21, 88 S.Ct. at 1879, 20 L.Ed.2d at 905; *State v. Gallegos*, 120 Idaho 894, 896–97, 821 P.2d 949, 951–52 (1991). An appellate court evaluates the validity of the stop by looking at the totality of the circumstances and then determines whether the detaining

officer had a particularized objective basis for suspecting the particular person of criminal activity. *Cortez*, 449 U.S. at 417–18, 101 S.Ct. at 694–95, 66 L.Ed.2d at 628–29[3].

The threshold question in this case is the weight, if any, the anonymous information concerning a possible "domestic" should be given in evaluating the totality of the circumstances. In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court considered the weight to be given an anonymous informant's tip and applied a totality of the circumstances analysis, requiring a balance assessment of the relative weight of all the "indicia of reliability." *Gates*, 462 U.S. at 235–36, 103 S.Ct. at 2330–31, 76 L.Ed.2d at 546. In *Gates*, the details of an anonymous informant's letter were corroborated by police observation. The Supreme Court reasoned that the inherently suspect nature of an anonymous tip was diminished by independent corroboration by police of the letter's predictions of future activities of the suspect. *Gates*, 462 U.S. at 244–45, 103 S.Ct. at 2335–36, 76 L.Ed.2d at 552.

In *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the Supreme Court held that a dispatcher's report may be based upon a variety of sources, ranging from another officer to a completely anonymous telephone tip. The Supreme Court noted:

> Standing alone, the tip here is completely lacking in the necessary indicia of reliability, since it provides virtually nothing from which one might conclude that the caller is honest or his information reliable and gives no indication of the basis for his predictions regarding White's criminal activities. *See Gates, supra,* 462 U.S., at 227, 103 S.Ct. at 2326 [76 L.Ed.2d at 541]. However, although it is a close question, the totality of the circumstances demonstrates that significant aspects of the informant's

---

2. The citation in the Idaho Reports shows *State v. Monthei.* The Pacific Reporter citation shows *State v. Manthei.* The Pacific Reporter spelling is correct as shown in the body of the opinion.

3. Hankey asserted Article I, Section 17 of the Idaho Constitution, in his motion to suppress before the district court, but he has not supported the assertion by the citation of authority or argument on appeal.

story were sufficiently corroborated by the police to furnish reasonable suspicion.

*Id.*

The Supreme Court reasoned that although the tip standing alone is insufficient, it may contribute to the necessary reasonable suspicion when coupled with the officer's own corroboration of significant details of the tip. *White,* 496 U.S. at 326, 110 S.Ct. at 2414, 110 L.Ed.2d at 306; *See United States v. Rodriguez,* 835 F.2d 1090, 1092 (5th Cir.1988) (when law enforcement officials corroborate the details of an anonymous informant's tip, the tip can give rise to a reasonable articulable suspicion); *See also United States v. McClinnhan,* 660 F.2d 500, 502 (D.C.Cir. 1981) (D.C. Circuit held that an anonymous tip can provide sufficient reasonable suspicion when the tip was corroborated in every significant detail by the police officer's pre-stop surveillance.)

In the present case it is clear that the anonymous information received by the officer through police dispatch would be insufficient by itself to justify an investigatory stop. However, the anonymous information is entitled to some weight when taken together with other facts known to the officer.

Initially the officer observed a blue Mazda pickup following a woman and a child on the side of Highway 95. Upon continuing down the highway, radio dispatch informed the officer that a possible "domestic" was in progress and provided the officer with an accurate description of the pickup and its location. The officer returned to the location of the pickup and observed it again. He activated his lights and initiated a stop. The unusual activity that the officer had initially observed with the pickup following the woman and child sufficiently corroborated the information in the radio dispatch to provide the requisite reasonable suspicion to make an investigatory stop of Hankey to determine if the woman and child were in danger or had been harmed.

## III.

## CONCLUSION

The decision of the district court denying Hankey's motion to suppress is affirmed.

Chief Justice TROUT and Justices SILAK and KIDWELL concur.

Justice WALTERS concurring in the result.

