# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 42950

STATE OF IDAHO,

      Plaintiff-Appellant,

v.

JAMIE LYNN PACHOSA,

      Defendant-Respondent.

)
)  Boise, December 2015 Term
)
)  2016 Opinion No. 29
)
)  Filed: March 11, 2016
)
)  Stephen W. Kenyon, Clerk
)
)

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

The order of the district court suppressing the evidence gathered against respondent is <u>vacated.</u> This case is <u>remanded</u> for further consideration consistent with this Opinion.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for appellant. Kenneth K. Jorgensen argued.

Jay W. Logsdon, Kootenai County Public Defender, Coeur d'Alene, attorney for respondent, argued.

---

W. JONES, Justice

## I. NATURE OF THE CASE

The State of Idaho, the appellant in this matter (the State), charged Jamie Lynn Pachosa ("Pachosa"), the respondent, with felony possession of a controlled substance, possession of paraphernalia, and providing false information to a law enforcement officer. Before the trial, Pachosa moved to suppress all evidence against her, arguing that the officers in the case violated her Fourth Amendment rights by seizing her for an investigatory detention without the required reasonable suspicion. The district court granted Pachosa's motion to suppress all evidence gathered against her. The State appealed that decision. The district court's order granting Pachosa's motion to suppress all evidence gathered against her is vacated and the case is remanded for further proceedings.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2014, at approximately 10:00 p.m. Officers Smith and Eismann of the Post Falls Police Department responded to concerns from a citizen regarding a suspicious vehicle. The citizen reported that a red sports car turned its lights off while still driving, pulled into a parking lot, and was "just sitting there." Officer Smith knew of a nearby house at which the police had served search warrants and made multiple arrests due to a lot of drug activity. The vehicle had pulled into the parking lot of a city park.

Officers Smith and Eismann arrived in separate patrol vehicles. Upon approaching the vehicle, Officer Smith noted that it contained a male driver and a female passenger. At no point did either officer activate the emergency lights on their patrol vehicles. The male identified himself with a Washington driver's license, but the female, Pachosa, was unable to produce identification. Instead, she verbally identified herself as Valerie Rose Gerlach, occasionally going by Sadlowski, with a birth date of May 4, 1990. She told Officer Smith that she had a valid Washington driver's license. Officer Smith returned to her vehicle, but dispatch was unable to locate anyone with the name and birthdate that Pachosa provided. At the same time, dispatch was able to locate the male in the same database based on the information he provided. Officer Smith re-approached the vehicle and again spoke with Pachosa, who corrected her date of birth to May 6, 1990, but gave the same name. Officer Smith provided dispatch with the updated information, but dispatch was again unable to locate any person matching the information provided. Officer Smith approached Pachosa for a third time to confirm that Pachosa had provided the correct information, but Pachosa continued to insist that the information provided was accurate and truthful.

Suspicious that Pachosa was providing her with false information, Officer Smith had Pachosa exit the vehicle and detained her by placing her in handcuffs in the back of a patrol vehicle. At that time, dispatch was able to locate a listing for an individual named Valerie Christine Gerlach (as opposed to Valerie Rose Gerlach), and when confronted with that information by Officer Smith, Pachosa claimed that Christine was her real middle name. Officer Smith informed Pachosa that she was under arrest for providing false information to a peace officer.

Pachosa told Officer Smith that she had left a bag belonging to her in the back seat of the vehicle. Officer Smith again approached the vehicle and asked the driver to hand her Pachosa's

purse. She noticed a makeup bag, and when she inquired about it the driver appeared to be attempting to cover the opening of the bag from Officer Smith's view. She instructed the driver to hand her the makeup bag, and when he did, she observed that it contained a glass pipe with a white powdery residue. At that point, Officer Smith had the driver exit the vehicle as well and detained him in handcuffs. A search of his person yielded a pipe and a bag containing marijuana. The driver was placed under arrest.

Officer Smith then searched Pachosa's purse, which contained several pieces of tin foil with burn marks, three cell phones, and a wallet with a Washington driver's license identifying Pachosa as Jamie Lynn Pachosa (her real name). With Pachosa's real name, dispatch informed Officer Smith that Pachosa had a warrant out of Washington for first degree theft and trafficking in stolen property for which she was eligible for extradition. Pachosa and the driver were both transported to the local jail.

At the jail more items were located in Pachosa's purse including: a red Ziploc baggie with a white powdery residue; another piece of tinfoil with a black line which the officers recognized as indicative of narcotic smoking; and a clear plastic vial containing a white crystalline substance which tested presumptively positive to be methamphetamine with an NIK test kit. Officer Smith informed Pachosa of her *Miranda* rights and booked her into jail on four charges: felony possession of a controlled substance; providing false identity; possession of drug paraphernalia; and the Washington warrant.

On October 28, 2014, Pachosa was formally charged by information with possession of a controlled substance in violation of Idaho Code section 37-2732(c), providing false information to law enforcement in violation of Idaho Code section 18-5413, and possession of drug paraphernalia in violation of Idaho Code section 37-2734A(1). The public defender's office was appointed to represent Pachosa, and on November 5, 2014, she filed a motion to suppress "any and all evidence gathered against [her]" on the grounds that "the warrantless stop and prolonged detention by the officers was unlawful and without legal justification, therefore in violation of the Fourth Amendment to the Constitution of the United States and Article I § 17 of the Constitution of the State of Idaho."

The district court conducted a hearing on the motion to suppress on December 8, 2014. It issued a memorandum and order regarding the motion on December 18, 2014, in which it granted Pachosa's motion to suppress evidence. First, the district court found that Pachosa was

not seized when Officer Smith first asked for identification and was not seized when Officer Smith returned to the vehicle to tell Pachosa that the provided information yielded no results and asked to confirm the information.

However, the district court then found that "Pachosa was clearly detained by Officer Smith at the next contact when Pachosa was told she was detained and physically restrained in a patrol vehicle." It then analyzed whether that detention was supported by reasonable suspicion. The district court relied heavily on one Court of Appeals case to conduct this analysis: *State v. Zuniga*, 143 Idaho 431, 146 P.3d 697 (Ct. App. 2006). It found that *Zuniga*'s holding was that a suspect giving a name to officers that does not appear in the database does not alone provide reasonable suspicion to detain that suspect for any further investigation. The district court was very critical of what it perceived as *Zuniga*'s holding. It wondered why, if officers are allowed to ask for ID and run a status check on the driver of a vehicle following lawful contact with that driver, they should not also be allowed to do the same for passengers. Nevertheless, the district court felt bound by the Court of Appeals's precedent and was not "able to factually distinguish the instant case from *Zuniga*[.]"

The district court concluded its written order with the following passage:

It is tempting to a trial court to infer that the lack of a return on a name and two different dates of birth in this time of interconnected databases is a more suspicious fact than existed eight (8) years ago when *Zuniga* was decided. However, the prosecution in the instant case chose not to put on such evidence, and this Court must not speculate as to what that evidence might have shown.

It reached this conclusion despite finding that Pachosa had actually given two different dates of birth. The State also presented evidence that the database used by Officer Smith would have yielded a result if Pachosa had provided accurate information. During the December 8, 2014 hearing, the State elicited the following testimony from Officer Smith: "I told [Pachosa] that I felt she was giving me false information because we should get some type of return. She told me that she had a valid Washington license, so if her information was correct it should have returned and it did not." The State appealed the district court's suppression of the evidence against Pachosa.

### III. ISSUES ON APPEAL

1. Whether the district court erred by finding there was not reasonable suspicion to detain Pachosa and then granting Pachosa's motion to suppress all evidence gathered against her on that basis.

4

## IV. STANDARD OF REVIEW

"When reviewing a motion to suppress, this Court defers to the district court's findings of fact unless the findings are clearly erroneous. But this Court may undertake a free review of the district court's determination as to whether constitutional requirements have been satisfied in light of the facts found." *State v. Hankey*, 134 Idaho 844, 846, 11 P.3d 40, 42 (2000) (internal citations omitted). When the facts of a case involving a motion to suppress are undisputed, "this Court exercises free review of the legal effect of the facts." *Id.* The facts as found by the district court in this case are undisputed on appeal

## V. ANALYSIS

### A.     The district court erred in finding that *State v. Zuniga* required a finding of no reasonable suspicion to detain Pachosa in this case.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.[1] "When a defendant seeks to suppress evidence that is alleged to have been obtained as a result of an illegal seizure, the defendant bears the burden of proving that a seizure occurred." *State v. Willoughby*, 147 Idaho 482, 486, 211 P.3d 91, 95 (2009). "A seizure under the meaning of the Fourth Amendment occurs only 'when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *State v. Nickel*, 134 Idaho 610, 612, 7 P.3d 219, 221 (2000) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968)).

The Fourth Amendment's reasonableness requirement applies to limited investigatory detentions. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009) (citing *Terry*, 392 U.S. at 19). Limited investigatory detentions must be justified at their inception, and the level of justification required depends on how intrusive the detention was. *Id.* After determining that an investigatory detention was justified, courts must then consider whether the detention "was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry*, 392 U.S. at 19–20.

---

[1] Article 1 § 17 of the Idaho Constitution provides a similar but more robust guarantee. Respondent did allege a violation her rights under the Idaho Constitution, but made no arguments regarding the Idaho Constitution and similarly raises no such issue here. Therefore, we discuss only the Fourth Amendment to the United States Constitution. *See State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 n.4 (2009) ("Neither Bishop nor the State rely on Article I, section 17 of the Idaho Constitution in making their arguments. Accordingly, the analysis in this opinion relies exclusively on the Fourth Amendment to the United States Constitution.").

Seizures must typically be based on probable cause to be reasonable. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. However, limited investigatory detentions require less than probable cause to be reasonable. Limited investigatory detentions are "justified by an officer's reasonable articulable suspicion that a person has committed, or is about to commit, a crime." *Id.* To determine whether such reasonable articulable suspicion existed, courts must examine the totality of the circumstances which were known to the officer before the detention occurred. *Id.*

In the present case, no party challenges the district court's finding that Pachosa was detained by Officer Smith, and the record clearly supports that finding. Thus, the analysis turns on whether Officer Smith had reasonable articulable suspicion to justify that detention.

The district court found that *Zuniga* compelled it to grant Pachosa's motion to suppress. That finding was incorrect. In *Zuniga*, the Court of Appeals held that the police did not have adequate reasonable suspicion to detain a man based on the totality of the circumstances. 143 Idaho at 436, 146 P.3d at 702. The Court of Appeals found that the following facts were insufficient to establish reasonable suspicion: Zuniga was near a house with reported drug activity sometime in the past; Zuniga appeared uneasy; and Zuniga gave a name and birth date that did not appear in a system in which it was not clear that they should have appeared anyway. *Id.* The Court of Appeals considered the totality of those circumstances and found it insufficient to establish reasonable suspicion that Zuniga had committed a crime. *Id.*

*Zuniga* does not affect the reasonable suspicion analysis in this case. Rather than stand for the proposition that a potentially innocent explanation negated reasonable suspicion, *Zuniga* actually stands for the proposition that courts must examine the totality of the circumstances given the unique facts before them to make a reasonable suspicion determination. That conclusion is squarely in line with this Court's precedent and that of the Supreme Court of the United States.

Unlike the database in which the name Zuniga gave did not appear, the database in this case would have returned with Pachosa's information if that information was accurate: Officer Smith testified that "[Pachosa] told me she had a valid Washington license, so if her information was correct it should have returned and it did not." Further, the male in the vehicle had a Washington driver's license, and his information did appear in the database. That provides evidence of the database's reliability that was not present in *Zuniga*.

Contrary to the district court's conclusion that "the Prosecution in the instant case chose not to put on such evidence, and this Court must not speculate as to what that evidence might have shown," the State here did present evidence that Pachosa's information would have appeared in the database if it were accurate. Pachosa's statements were more suspicious than those in *Zuniga*, given that Officer Smith's database would have located Pachosa's information, if accurate. Therefore, the district court's conclusion that "[*Zuniga*] must control and Pachosa's Motion to Suppress must be granted" was in error.

Accordingly, the district court's grant of Pachosa's motion to suppress all evidence gathered against her is vacated. The case is remanded so that the district court may consider whether the totality of the circumstances known to the officers justified conducting an investigatory detention of Pachosa. The district court should do so without feeling bound to grant the motion by *Zuniga*, which does not so require.

We note that the crime allegedly committed by Pachosa, and therefore purportedly providing the basis for an investigatory detention, was providing false information to a peace officer in violation of Idaho Code section 18-5413. That section has two subsections: (1) provides that "[a] person is guilty of a misdemeanor if he knowingly gives or causes to be given false information to any law enforcement officer . . . *concerning the commission of an offense*"; and (2) provides "a person is guilty of a misdemeanor if he knowingly gives or causes to be given false information regarding his or another's identity to any law enforcement officer *investigating the commission of an offense*." I.C. § 18-5413 (emphasis added). Our review of the record has revealed no evidence that Pachosa's false statements were provided either concerning the commission of an offense, or that Officer Smith was investigating an offense when Pachosa provided the false information. On remand, the district court should carefully consider whether the circumstances, as known to Officer Smith, provided reasonable suspicion that Pachosa had committed the crime of providing false information to a peace officer.

## VI. CONCLUSION

The order of the district court suppressing the evidence gathered against Pachosa is vacated. This case is remanded for further consideration, consistent with this Opinion, of whether the evidence should be suppressed.

Chief Justice J. JONES and Justices EISMANN, BURDICK and HORTON, CONCUR.

7