# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42968

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 47 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  July 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC MICHAEL ROSS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Order denying motion to suppress, <u>reversed</u>; judgment of conviction for unlawful possession of a firearm and trafficking in methamphetamine, <u>vacated</u>; <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.  Reed P. Anderson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

MELANSON, Chief Judge

Eric Michael Ross appeals from his judgment of conviction for unlawful possession of a firearm and trafficking in methamphetamine.  Specifically, Ross challenges the district court's denial of his motion to suppress.  For the reasons set forth below, we reverse the order denying the motion to suppress, vacate the judgment of conviction, and remand.

Officers stopped Ross's vehicle for failing to signal for five seconds.  When asked for his driver's license and vehicle registration, Ross explained that the car was a rental and that he had no driver's license.  Dispatch informed the officers that the rental car company confirmed that the car was rented to another individual and that Ross was not a driver authorized by the rental car company.  After approximately twenty-five minutes, the officer issued Ross a citation for

1

driving without privileges. The officer then called the rental car company, which requested the officer arrange for the car to be towed to the local rental office. The officer informed Ross that the vehicle was being towed.

At that time, Ross asked to retrieve his luggage from the vehicle. There were three backpacks and one duffle bag in the trunk and an additional backpack in the back seat of the vehicle. The duffle bag and two of the backpacks in the trunk belonged to Ross (collectively referred herein as Ross's "luggage" herein), while one backpack in the trunk and the backpack in the back seat of the vehicle belonged to Ross's passenger. The officer told Ross he would retrieve the luggage for Ross, but that the officer needed to check the luggage to ensure it did not contain guns or other weapons before giving Ross possession of the luggage. Ross became agitated and refused to consent to the search of his luggage. The officer asked Ross, "If there's no weapons or anything inside the bag or contraband of any kind that you're worried about, what's the holdup of us taking it to make sure there's nothing in there and giving it to you?" Ross responded, "Just tow the vehicle please." The officer then told Ross that the rental car company would allow Ross to retrieve his luggage from the office to which the vehicle was being towed. Ross's passenger was also told it was necessary for the officer to search the passenger's bags prior to the officer allowing the passenger to take the bags from the vehicle. The passenger consented to a search of his bags and Ross was informed that the passenger consented. The passenger was given his bags after they were searched. The officer told Ross that there were three bags remaining in the trunk and asked if they belonged to Ross. Ross stated that the two backpacks were his and that the duffle bag belonged to the lessee of the vehicle. Ross told the officer that the lessee would recover the duffle bag from the rental car company after the vehicle was towed.

The officer told Ross that he and the passenger were free to leave the scene. Again, Ross repeated that the two backpacks belonged to him and that the duffle bag belonged to the lessee. Having been told he was free to leave, Ross elected to walk toward the nearest town. As Ross was leaving the scene, he was told that, despite his refusal to provide consent, his luggage would be searched and inventoried in preparation for the vehicle's towing. At that time, Ross repeated

that the duffle bag belonged to the lessee and not Ross.[1] Ross and the passenger walked away from the scene and the officers searched Ross's luggage. The officers found a stolen handgun and methamphetamine.[2]

Ross was charged with driving without privileges, I.C. § 18-8001; unlawful possession of a firearm, I.C. § 18-3316; trafficking in methamphetamine, I.C. § 37-2732B(a)(4); and being a persistent violator, I.C. § 19-2514. Ross filed a motion to suppress all evidence, asserting that the search and seizure were unlawful. The district court denied Ross's motion, holding that he lacked standing to challenge the search. Alternatively, the district court held that the detention was not unreasonably extended and that the search was a reasonable inventory search. Ross pled guilty to unlawful possession of a firearm and trafficking in methamphetamine, and the state dismissed the persistent violator enhancement and driving without privileges charge. Ross appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Ross appeals the district court's denial of his motion to suppress, alleging that his luggage was illegally seized and searched. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches and seizures are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*,

---

[1]    The handgun and methamphetamine for which Ross pled guilty were found in the duffle bag. Accordingly, Ross only challenges the officers' actions with regard to the duffle bag. Although our analysis of the legality of the seizure and search will focus on the duffle bag specifically, it is no less applicable to Ross's backpacks.

[2]    In addition, the officers found methamphetamine, a scale, and small plastic bags in one of Ross's backpacks. However, the state concedes that the backpack was illegally seized and that the evidence from the backpack would be suppressible if it was the basis for the charge.

127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The state may overcome this presumption by demonstrating that a warrantless search or seizure either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.*

The state argues that Ross does not have standing to challenge the seizure or search of the duffle bag because it was voluntarily abandoned when he disclaimed ownership. Generally, one who challenges the legality of a search must establish that he or she had a legitimate expectation of privacy in the thing searched. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980). One who voluntarily abandons property prior to the search cannot be said to possess the requisite privacy interest. *Abel v. United States*, 362 U.S. 217, 241 (1960). Abandonment, in the Fourth Amendment context, occurs through words, acts, and other objective facts indicating that the defendant voluntarily discarded, left behind, or otherwise relinquished his or her interest in his or her property. *State v. Harwood*, 133 Idaho 50, 52, 981 P.2d 1160, 1162 (Ct. App. 1999). If the abandonment is caused by illegal police conduct, however, the abandonment is not voluntary. *Id.* It is undisputed that Ross abandoned the duffle bag when he disclaimed ownership. However, Ross argues that his abandonment was the result of illegal police activity and, therefore, was not voluntary. The sole issue here is whether Ross's abandonment was caused by illegal police activity.

Ross's abandonment of the duffle bag followed the officers' refusal to allow him to take the duffle bag and officers notifying Ross that the duffle bag would be searched and inventoried. As conceded by the state, the seizure of Ross's duffle bag was illegal. It is clear from the video of the stop that Ross became agitated when the officer refused to allow him to take his luggage. Ross became further agitated when the officers similarly refused to give the passenger his bags and the passenger consented to a search of his bags. Based upon the state's concessions that the officers' conduct with regard to Ross's luggage was illegal, we hold that Ross's abandonment was the result of illegal police activity. Thus, we hold that Ross's abandonment was not voluntary and, therefore, did not divest him of standing to challenge the search of the duffle bag.

Ross has shown that he had standing to challenge the search of his duffle bag because his abandonment was not voluntary. In addition, as the state concedes, the seizure of Ross's duffle bag was illegal. Accordingly, the district court erred in denying Ross's motion to suppress.

Therefore, we reverse the order denying Ross's motion to suppress, vacate his judgment of conviction, and remand.

Judge GRATTON and Judge HUSKEY, **CONCUR**.