**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44642**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Opinion No. 4 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 31, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JAMES EDWARD SNAPP, JR., aka | ) | |
| JAMES PENCE, JIM SNAPP, JIM | ) | |
| SNOTT, JAMES EDWARD PENCE, | ) | |
| JAMES EDWARD SNOPP, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying a motion to suppress, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant. Ben P. McGreevy argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

HUSKEY, Judge

James Edward Snapp, Jr. appeals from the district court's order denying his motion to suppress evidence of methamphetamine. Snapp argues: (1) officers unlawfully searched the curtilage of his residence without a warrant, and the open view doctrine is inapplicable to the circumstance; (2) Snapp had a reasonable expectation of privacy in a bag containing methamphetamine because he did not abandon it; and (3) the plain view exception to the warrant requirement did not apply to the seizure and search of the bag. We affirm the district court's order.

**FACTUAL AND PROCEDURAL BACKGROUND**

While on patrol shortly after midnight, an officer observed a vehicle traveling at a high rate of speed, estimating it was traveling at forty miles per hour in a twenty-miles-per-hour zone. To confirm the vehicle's speed, the officer followed the vehicle so he could use his radar. Without using a turn signal, the vehicle turned right onto a long, paved, private driveway, which turned to dirt after 100 yards. The officer believed the vehicle turned onto public property. The officer's radar indicated the vehicle was traveling at thirty-seven miles per hour. The officer activated his overhead lights, but the vehicle did not stop. Instead, the vehicle continued on the driveway, rounded an outbuilding, and pulled up to a residence. The officer observed the vehicle's driver-side door open while the vehicle was still moving and the driver of the vehicle toss a dark-colored item toward the residence.

After the vehicle stopped moving, the officer approached the driver, Snapp, and inquired about the item Snapp threw from the car toward the residence. Snapp denied throwing anything. The officer handcuffed Snapp, placed him in his patrol vehicle, and, together with backup officers who had arrived, searched the area near the residence where Snapp threw the item. At the suppression hearing, the officer testified he focused his area of search to where Snapp threw the item, beginning ten feet away from the residence, moving closer to the residence as he searched, and using a flashlight. The officer testified there was a pathway leading to the front door. He also testified that he was not manipulating things in the yard, digging through wood piles, moving weeds, or looking under anything. However, Snapp's wife, who observed the officers from the residence, testified the officers were rifling and digging through items in the yard, moving items like wood and weeds. After five to ten minutes, the officer found the item about a foot from the residence, three feet from the pathway to the front door, and behind some weeds, which the officer testified was within reaching distance from the pathway. The item was a black, zippered handbag about the size of a football that contained a large Ziploc baggy filled with what was later determined to be 119.5 grams of methamphetamine.

Snapp was charged with trafficking in methamphetamine and/or amphetamine under Idaho Code § 37-2732B(a)(4). Snapp filed a motion to suppress the evidence of methamphetamine, arguing it was obtained as the result of a warrantless search. The district court denied Snapp's motion. Snapp then entered a conditional guilty plea, reserving his right to

appeal the denial of his motion to suppress. The district court imposed a unified sentence of seven years, with three years determinate. Snapp timely appealed.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Snapp asserts the district court erred when it denied his motion to suppress. First, Snapp argues the officers unlawfully searched the curtilage of his residence without a warrant because they substantially and unreasonably departed from the normal access route to his residence. Because of this, Snapp contends the officers could not avail themselves of the open view doctrine as the black bag was not in open view from the normal access route. Second, Snapp argues he had a reasonable expectation of privacy in the black bag containing methamphetamine because he did not abandon it. Third, Snapp argues the plain view exception to the warrant requirement did not apply to the seizure and search of the black bag because the nature of the item flying through the air or how it related to a particular crime was not immediately apparent to the officer.

This Court begins by addressing Snapp's abandonment argument. For the first time on appeal, Snapp makes two arguments to assert he did not abandon his reasonable expectation of privacy in the black bag. The first argument claims that because Snapp did not disclaim ownership of the bag, he did not abandon it, was addressed in the district court's order on the district court's own initiative. Thus, it is properly preserved for review. The second argument claims that because Snapp threw the black bag onto his own property he could not have abandoned it, was never argued to or addressed by the district court. Thus, this second argument

3

is foreclosed by the Idaho Supreme Court's decision in *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700 (2017). *Garcia-Rodriguez* explains that this Court's review is "limited to the evidence, theories and arguments that were presented below." *Id.* at 275, 396 P.3d at 704. Because Snapp's second abandonment argument is nowhere to be found in the record, it is not preserved for review.

The Fourth Amendment protects only places or activities in which the individual holds a reasonable expectation of privacy. The issue presented by Snapp's first abandonment argument is whether Snapp had a reasonable expectation of privacy in an item whose existence he denied. That involves a two-part inquiry: First, did the person have a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable? *State v. Pruss*, 145 Idaho 623, 626, 181 P.3d 1231, 1234 (2008). The first inquiry is a question of fact; the second is a question of law. *Id.* Assuming, arguendo, that Snapp demonstrated a subjective expectation of privacy in the black bag, we hold that society is not willing to recognize an expectation of privacy as reasonable where the owner, in essence, denies the existence of the object.

Abandonment "occurs through words, acts, and other objective facts indicating that the defendant voluntarily discarded, left behind, or otherwise relinquished his or her interest in his or her property." *State v. Ross*, 160 Idaho 757, 759, 378 P.3d 1056, 1058 (Ct. App. 2016); *State v. Melling*, 160 Idaho 209, 211-12, 370 P.3d 412, 414-15 (Ct. App. 2016). While a "disclaimer of ownership or possession constitutes abandonment," *Melling*, 160 Idaho at 212, 370 P.3d at 415, the lack of a disclaimer of ownership or possession is not necessarily dispositive proof that an object has not been abandoned.

Here, the evidence of Snapp's words, acts, and other objective facts indicate that he voluntarily relinquished his privacy interest in the black bag by denying its existence. The district court's findings relate that Snapp was being pursued by an officer who had turned on his overhead lights. Snapp did not stop when the officer's lights came on. Instead, he continued down the private driveway, rounded an outbuilding, and while his vehicle was still moving, he opened his driver's side door and threw out the black bag in the officer's line of sight. When the officer inquired about the item Snapp threw out of the vehicle, rather than simply disclaiming ownership of the item, Snapp stated, "he did not throw anything towards the residence and could not have as his window was rolled up the entire time." Together, Snapp's words and actions

4

indicate that when Snapp threw the bag from his car, he "voluntarily discarded or left behind" the black bag thereby extinguishing his interest in the bag. Consequently, Snapp abandoned the black bag, hoping the officer would not discover it during the investigatory stop for speeding. Snapp's voluntarily abandonment of the black bag prior to the officer's search of the bag means Snapp does not possess the requisite privacy interest to challenge the search. *Ross*, 160 Idaho at 759, 378 P.3d at 1058.

Without standing to challenge the search of the black bag, this Court will not address Snapp's argument that the officers unlawfully searched the curtilage of his residence without a warrant or Snapp's argument that the plain view exception to the warrant requirement did not apply to the seizure and search of the black bag.

## IV.

## CONCLUSION

Snapp lacks standing to challenge the search of the black bag because his words, his acts, and the objective facts show that Snapp voluntarily abandoned it. We affirm the district court's order denying Snapp's motion to suppress evidence of methamphetamine.

Judge GUTIERREZ and Judge Pro Tem WALTERS, CONCUR.