**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44948 & 44949**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 30, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| JESSICA JEAN IBARRA, aka DELEON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgments of conviction and determinate sentence of seven years for possession of a controlled substance and consecutive indeterminate sentence of five years for possession of contraband in a correctional facility, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated cases, Jessica Jean Ibarra, aka DeLeon, appeals from her judgments of conviction and sentences for possession of a controlled substance and possession of contraband in a correctional facility. Ibarra argues that the district court erred in denying her motion to suppress evidence she discarded in the booking area of a correctional facility. She also argues that her sentences are excessive. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ibarra was arrested and booked into jail for possession of methamphetamine and possession of drug paraphernalia (Docket No. 44948). While Ibarra was in custody, detention

1

deputies received information from another inmate that Ibarra was concealing methamphetamine in her vagina. Ibarra was placed in handcuffs and transported to the booking area of the jail where a female deputy conducted a search, which did not reveal methamphetamine. While still in the booking area, Ibarra asked to use the restroom. Officers accommodated Ibarra's request by providing her with a port-a-toilet. Officers visually inspected Ibarra's urine for contraband, but did not discover any. Ibarra was returned to the booking area for approximately two and one-half hours while the officers attempted to obtain a warrant to search Ibarra's body cavities. While waiting in the booking area, Ibarra stood up and threw a small white "plastic thing" containing methamphetamine on the ground. Ibarra was subsequently charged with possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of contraband in a correctional facility, I.C. § 18-2510(3) (Docket No. 44949).

Ibarra filed a motion to suppress the methamphetamine, arguing that the continued detention after the search and inspection of her urine was unlawful and unsupported by probable cause.[1] The district court denied Ibarra's motion. The district court found that the methamphetamine was not discovered as a result of a search, but was discovered after it was abandoned by Ibarra. The district court also found Ibarra's detention was reasonable under the circumstances.

Pursuant to a plea agreement, Ibarra pled guilty to possession of a controlled substance in Docket No. 44948 and entered a conditional guilty plea to possession of contraband in a correctional facility in Docket No. 44949, reserving her right to appeal the denial of her motion to suppress. As part of the plea agreement, the State dismissed the remaining charges in both cases and the sentencing enhancements filed in both cases. The district court imposed a determinate term of seven years for possession of a controlled substance to run concurrently with Ibarra's sentences in unrelated cases and a consecutive indeterminate term of five years for possession of contraband in a correctional facility to run concurrently with her other unrelated sentences. Ibarra filed I.C.R. 35 motions for a reduction of her sentences, which the district court denied. Ibarra appeals.

---

[1] While Ibarra was in the booking area, she was also interrogated. Ibarra moved to suppress the statements made during the interrogation. The State did not object to this aspect of Ibarra's motion. The district court granted Ibarra's motion to suppress her statements.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

### ANALYSIS

#### A.     Motion to Suppress

It is undisputed that Ibarra discarded the methamphetamine she possessed while detained in jail. The only dispute is whether the property was abandoned for purposes of the Fourth Amendment. The district court held that it was. On appeal, Ibarra asserts that she was entitled to suppression of the methamphetamine because the jail deputies "exaggerated" their response to the report that Ibarra possessed methamphetamine beyond what was constitutionally reasonable. The State argues that the district court correctly concluded that Ibarra was not entitled to suppression because Ibarra's seizure was lawful and Ibarra abandoned the methamphetamine. We conclude that Ibarra has failed to show error in the denial of her motion to suppress.

Before the district court, Ibarra argued that her detention was unlawful because the only step left in the investigation of the report that she possessed methamphetamine was obtaining a search warrant for a body cavity search. Ibarra argued that, because there was no probable cause to obtain a search warrant, she could not be detained after the unsuccessful search of her person and urine and, because she was detained beyond that point, the detention was unconstitutional. Ibarra advances these same arguments on appeal. Ibarra has failed to show that her detention was constitutionally unreasonable.

While inmates, like Ibarra, retain Fourth Amendment rights, those rights have limitations. For example, the Supreme Court has held that correctional officials may "devise reasonable

search policies to detect and deter the possession of contraband in their facilities." *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012). Such search policies will withstand constitutional challenge absent substantial evidence that the policies constitute an "exaggerated" response to legitimate security interests. *Id.* at 330. As noted, Ibarra's constitutional claim in this case is not based on a challenge to a search but is, instead, based on a challenge to her detention while officers were investigating a report that Ibarra possessed methamphetamine. Ibarra suggests that the reasoning of the cases involving searches in correctional facilities extends to detentions in those facilities. However, Ibarra cites no authority to support the conclusion that such an extension is warranted, particularly on the facts of her case.

The distinctions between searches and seizures under the Fourth Amendment are apparent even under circumstances outside of correctional facilities where a search requires probable cause and a warrant or an exception to the warrant requirement, but a seizure can occur based solely on reasonable articulable suspicion. *See State v. Pachosa*, 160 Idaho 35, 39, 368 P.3d 655, 659 (2016); *State v. Bowman*, 134 Idaho 176, 179, 997 P.2d 637, 640 (Ct. App. 2000). Inside a correctional facility, neither probable cause nor a warrant are required in order to conduct a search, and reasonable suspicion is not required in order to seize an inmate. Indeed, inmates inside correctional facilities are already seized by virtue of their detention. To the extent the Fourth Amendment governs additional restrictions on movement for inmates already detained, the only limitation is the Fourth Amendment's reasonableness requirement. *See California v. Ciraolo*, 476 U.S. 207, 211 (1986) (noting that the touchstone of the Fourth Amendment is reasonableness). The district court concluded that Ibarra's detention in the booking room during the ongoing investigation of the reported methamphetamine was reasonable under the circumstances. We agree. Requiring Ibarra to remain in the booking room after the unsuccessful search of Ibarra's person and urine (the period of time Ibarra concedes was reasonable), while the officer indicated he was going to seek a warrant for a cavity search, was not constitutionally unreasonable. Ibarra has cited no authority that persuades us to conclude otherwise.

Ibarra also argues that, because she discarded the methamphetamine "while still being subjected to the unlawful additional restrictions," her act of abandonment was caused by the complained of conduct and, therefore, she retained a privacy interest in the methamphetamine.

4

While the State argued that Ibarra lacked a privacy interest in the methamphetamine based on abandonment, Ibarra never argued or presented evidence that the alleged unlawful detention caused the abandonment. Ibarra's only argument was that her seizure was illegal. Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

Even if we consider Ibarra's claim that her abandonment of the methamphetamine was caused by the "additional restrictions" placed on her at the jail, Ibarra's causation argument fails. The Fourth Amendment prohibition of unreasonable searches and seizures protects only those places and items in which a person has a legitimate expectation of privacy. *State v. Shearer*, 136 Idaho 217, 221, 30 P.3d 995, 999 (Ct. App. 2001). A person has no Fourth Amendment privacy interest in abandoned property. *State v. Ross*, 160 Idaho 757, 759, 378 P.3d 1056, 1058 (Ct. App. 2016). For purposes of the Fourth Amendment, abandonment occurs through words, acts, and other objective facts indicating that the defendant voluntarily discarded, left behind, or otherwise relinquished interest in the property. *Id.* If the abandonment is caused by illegal police conduct, however, the abandonment is not voluntary. *Id.* at 760, 378 P.3d at 1059.

That an act of abandonment occurs during a detention does not mean the abandonment was caused by the detention. To the extent Ibarra relies on *Ross* as holding otherwise, her reliance is misplaced. In *Ross*, the defendant abandoned a duffle bag after the officers refused to allow him to take it and after officers told him the duffle bag would be searched and inventoried. *Id.* at 760, 378 P.3d at 1059. Based on the State's concession in *Ross* that the seizure of the duffle bag was illegal, and the defendant's agitation after the officers refused to allow him to take the duffle bag, this Court concluded the abandonment was the result of illegal police activity. *Id.* The Court did not conclude, as Ibarra's argument suggests, that the illegal police activity caused the abandonment simply because the abandonment occurred in conjunction with the police activity. Unlike the defendant in *Ross*, who demonstrated an interest in taking the searched property, and who was agitated when he could not, Ibarra never claimed possession of, or an interest in, the discarded methamphetamine. Rather, the evidence showed that Ibarra discarded the methamphetamine when it appeared none of the officers present were looking. The video of the incident, which was admitted at the suppression hearing, showed Ibarra stood up from her chair, inched toward a nearby bin, threw the methamphetamine, and returned to her

chair. We see no basis to conclude that Ibarra's abandonment was caused by the police conduct in this case.

Because Ibarra's detention was constitutionally reasonable, and her abandonment of the methamphetamine was not caused by police conduct, the district court did not err in denying Ibarra's motion to suppress.

**B.      Excessive Sentences**

Appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

Ibarra argues that her determinate sentence of seven years for possession of a controlled substance and her consecutive five-year indeterminate sentence for possession of contraband in a correctional facility are excessive because the district court failed to "sufficiently consider the various mitigating factors." The mitigating factors Ibarra cites include her rehabilitative efforts and potential, her age, and her family support. Ibarra contends that lesser sentences more appropriately served the goals of sentencing. Applying the aforementioned standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

6

### III.

### CONCLUSION

The district court did not err in denying Ibarra's motion to suppress and the sentences imposed by the district court are not excessive. Accordingly, Ibarra's judgments of conviction and sentences are affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.